UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
SHAWN COLEMAN,
                PLAINTIFF,

                COMPLAINT

      -against-
THE COUNTY OF NASSAU; EDWARD RILEY/ SHERIFF   CV:
CHARLES DAMM; WILLIAM POSCH; GORDON
SIMPSON/NASSAU COUNTY SHERIFF'S DEPARTMENT
ROBERT G. FIERO/ NASSAU COUNTY POLICE DEPT.   JURY TRIAL
AND A.D.A. BENNETT/ NASSAU COUNTY DISTRICT   DEMANDED
ATTORNEY'S OFFICE; Sued in their Individual and
Official Capacities,
                DEFENDANT(S).

## PRELIMINARY STATEMENT

This is a civil rights action filed by Shawn Coleman, a pre-trial detainee, for damages and injunctive relief under 42 U.S.C. 1983, alleging False Arrest; under Unlawful Imprisonment; Malicious Prosecution and Abuse of Process in violation of the Fourth Amendment to the United States Constitution. The plaintiff also alleges the torts of False Arrest; Unlawful Imprisonment; Malicious Prosecution and Abuse of Process.

## JURISDICTION

1. The court has jurisdiction over the plaintiff's claims of violation of Federal Constitutional rights under 42 U.S.C. 1331 (2) and 1343.

2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. 1367.

3. The requirements of General Municipal Law 50.e have been met, in that the County of Nassau has been duly served with Notice of Claim and there has been more than thirty days (30) without any attempt by defendants in culminating the damages of on settling this claim. (See Exhibit "A").

## PARTIES

4. The plaintiff, Shawn Coleman, was incarcerated at Nassau County Correctional Center ("N.C.C.C.") during the events described in this complaint, under cc# 01000010 at 100 Carman Ave., East Meadow, New York 11554.

5. Defendant The County of Nassau is a Municipality and through their agents and employees carrying out policies, customs, practices and usages are ultimately responsible for causing the civil rights and state law violations alleged in this complaint. He is sued in His individual and official capacity.

6. Defendant Edward Riley (an agent and employee of defendant The County of Nassau) is employed as the Sheriff of Nassau County Correctional Center (N.C.C.C.) at 100 Carman Ave. East Meadow, New York. 11554. And is ultimately responsible for the training and overseeing of staff and their functions and for the carrying out and implementation of the policies, procedures, practices, usages and customs which is proximately caused the Federal Constitutional Civil Rights and State Law violations alleged in this complaint. He is sued in his official and individual capacity.

7. Defendant Charles Damm (an agent and employee of defendants The County of Nassau and Riley) is employed as a sergeant at "N.C.C.C" 100 Carman Ave. East Meadow, New York. 11554. And is ultimately responsible for causing and proximately causing (with malicious intent) the Federal Constitutional Civil Rights and State Law violations alleged in this complaint. He is sued in his official and individual capacity.

8. Defendants William Posch and Gordon Simpson (agents and employees of defendants The County of Nassau and Riley) are employed as Correctional Officers at "N.C.C.C" 100 Carman Ave. East Meadow, New York. 11554. And are ultimately

responsible for causing and proximately causing (with malicious intent) the Federal Constitutional Civil Rights and State Law violations alleged in this complaint. He is sued in his official and individual capacity.

9. Defendant Robert G. Fiero (an agent and employee of defendants The County of Nassau and agent of defendant Riley) is employed as a Detective for the Nassau County Police Department's 3rd Squad at 214 Hillside Ave. Williston Park, 11596, and is responsible for proximately causing the Federal Constitutional Civil Rights and State Law violations alleged in this complaint. He is sued in his official and individual capacity.

10. Defendant Bennett (an agent and employee of defendant The County of Nassau and agent of defendant Riley) is employed as Assistant District Attorney at the office of The Nassau County District Attorney, 262 Old Country Road 2nd floor, Mineola, New York. 11501, and is responsible for proximately causing the Federal Constitutional Civil Rights and State Law Violations alleged in this complaint. She is sued in her official and individual capacity.

11. All the defendants have acted, and continue to act, under color of State Law at all times relevant to this complaint.

## STATEMENT OF FACTS

12. The defendant The County of Nassau, through their agents and employees engages in an ongoing and continuing employment of customs, usages, practices and procedures (having the effect of policy and law) with respects to investigations, discipline of employee allegations of use of force, use of force training; which has violated the

Federal Constitutional Civil Rights and State Law Rights of the plaintiff. These customs, usages practices, procedures and policies enable defendant's agents and employees to shield themselves from liability of violating the civil rights of prisoners and non prisoners by using and preventing the Administration of Justice. The defendant Edward Riley knew of this custom, usage, practice and procedures and acquiesced in their ongoing and continuing applications.

13. On June 26th, 2001, the defendants Damm, Posch and Simpson intentionally used excessive force against plaintiff by punching, kicking and macing plaintiff about the body. As a result plaintiff suffered injuries.

14. On or about June 28th, 2001, plaintiff's family (on behalf of the plaintiff) called the District Attorneys Hotline and the Internal Affairs Unit to report the fact that plaintiff wanted to file a complaint and press charges against defendants Damm, Posch and Simpson.

15. Subsequently, on or about July, plaintiff received confirmation from the D.A's office of his complaint. On information and belief (source of said information being D.A file case charged against plaintiff) as is the custom, usage and practice of defendant's The County of Nassau; Riley; Damm; Posch and Simpson; defendants maliciously collaborated and charged plaintiff with obstructing justice in order to fore bare plaintiff's charges and for the sole purpose of shielding their liability. As a result of the custom, usage and practice; plaintiff's civil rights were violated to his detriment as plaintiff suffered injuries. *Note: plaintiff was written up a disciplinary report and falsely accused of assaulting defendants Damm, Posch, and Simpson and was keep locked for approximately 200 days.

16. On August 16th, 2001, plaintiff received correspondence from the D.A.'s office dated August 13th, 2001, stating that plaintiff made a complaint and also stating that there was a complaint against plaintiff. Subsequently, on August 23rd, 2001, plaintiff received another correspondence from the D.A.'s office.

17. On October 9th, 2001, D.A Clark asking if plaintiff would allow himself to be interviewed.

18. During this period (June 26th, 2001 through November 2001) the defendants The County of Nassau and Edward Riley failed to properly investigate and discipline defendants Damm, Posch and Simpson as it is their custom, usage, practice and procedure not, which violated plaintiff's constitutional rights.

19. Plaintiff received another correspondence from the D.A.'s office on or about November, 2001, sating that plaintiff's complaint against defendants Damm, Posch and Simpson were dismissed due to lack of evidence; yet, not withstanding the existence of eye-witness testimony from other inmates who witnessed defendants acting outside the color of state law and violating plaintiff's rights; defendants The County of Nassau and Riley acquiesced in their usual custom, practice and usage of not filing charges or disciplining officers for violating the law and as a result plaintiff's rights were violated.

## FALSE ARREST/ UNLAWFUL IMPRISIONMENT

20. Plaintiff incorporates the facts alleged in paragraphs 12 through 19 as the source of facts herein.

On December 13th, 2001, defendants The County of Nassau, Riley, Damm, Posch, Simpson, Fiero and A.D.A. Bennett caused and proximately caused the arrest and

detention of the plaintiff. Plaintiff was aware of the arrest and detention was not in agreement with said arrest and detention and said arrest and detention was without "just cause". Plaintiff was taken to the Nassau County Police Department 3rd Squad; fingerprinted by defendant Fiero (who placed plaintiff under arrest) and charged with "Obstruction of Government Administration" an "A" misdemeanor in violation of Penal Law 195.05 (See Exhibit "B"). The plaintiff's unlawful detention lasted approximately 245 days.

## MALICIOUS PROSECUTION

21. Plaintiff incorporates the facts alleged in paragraphs 12-20 as same of the facts herein.

On December 13th 2001 through April 2nd, 2003, the defendants The County of Nassau, Riley, Damm, Posch, Simpson, Fiero and Bennett, initiated and continued a criminal proceeding against the plaintiff. Requiring the plaintiff to appear in court approximately 20 times over a period of one (1) year and ten (10) months until the proceeding was terminated in the plaintiff's favor as he was acquitted after a jury trial. Defendants' actions were motivated by actual malice and intent to do plaintiff harm.

## ABUSE OF PROCESS

22. Plaintiff incorporates the facts alleged in paragraphs 12 through 21 as some of the facts herein. Defendants The County of Nassau, Riley, Damm, Posch, Simpson, Fiero and Bennett caused and proximately caused a criminal process to issue against the plaintiff from December 13th, 2001 through April 2nd, 2003, in order to forebare the

plaintiff from filing charges against defendant's for violating plaintiff's civil rights. Defendants' actions were not justified or excused and was done for the sole purpose of causing plaintiff harm. Defendants did intend to use the criminal process against plaintiff in order to obtain a collateral objective of shielding defendants Damm, Posch and Simpson from liability.

23. During the acts alleged herein, defendants have acted and continue to act under color of state law and continue in an ongoing and continuing customs, usages, practices and procedures having the effect of policy which has caused the violation of plaintiff's Federal Constitutional Civil and State rights.

## CLAIMS FOR RELIEF

24. The actions of defendants as stated in paragraphs 12 through 23 violated the Federal Constitution under the 4th Amendment and constitutes False Arrest; Unlawful Imprisonment; Malicious Prosecution and Abuse of Process. The court is requested to enter a judgment in plaintiff's favor.

25. The actions of defendants as stated in paragraphs 12 through 23 constitutes the torts of false arrest; unlawful imprisonment; malicious prosecution and abuse of process in violation of state law.

## RELIEF REQUESTED

Wherefore, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment that:

1. The actions of defendants The County of Nassau; Riley; Damm; Posch; Simpson; Fiero and Bennett as stated in paragraphs 12 through 23 violate the Federal Constitution under the Fourth Amendment amounting to false arrest; unlawful imprisonment; malicious prosecution and abuse of process under both federal and state law torts.

B. Issue an injunction ordering defendants to expunge all references of the charge under docket #028661 from plaintiff's record.

C. Award compensatory damages in the following amounts:

1. $385,000.00 jointly and severally against defendants The County of Nassau; Riley; Damm; Posch; Simpson; Fiero and Bennett for the punishment, physical and emotional injuries sustained as a result of violating plaintiff's Federal Constitutional Civil and State Law Rights as to each and every cause of action.

D. Award punitive damages in the following amounts:

1. $20,000.00 against defendants Riley; Damm; Posch; Simpson; Fiero and Bennett for the malicious intent to violate and the violation of plaintiff's federal and state law civil rights.

E. Grant such other and further relief as it may appear that plaintiff is entitled.

Respectfully Submitted!

DATED: 5/23/03
East Meadow, New York

Sworn to before me on this 23rd day of May 2003

*[Notary signature]*

DENIS M. KLEIN
Notary Public, State of New York
No. 01KL6049072
Qualified in Nassau County
Commission Expires Oct. 2, 20__

*Shawn Coleman*
Shawn Coleman #01000010
Nassau County Corr. Center
100 Carman Avenue
East Meadow, N.Y 11554